UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CARLOS ANDRES SAENZ,

    *Plaintiff*,

-against-

CAPITAL MANAGEMENT SERVICES, LP,

    *Defendant*.

**COMPLAINT**

**JURY TRIAL DEMANDED**

## PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumer, Carlos Andres Saenz, against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C §§ 1692, et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff Carlos Andres Saenz is an adult individual residing in Orlando, FL.

5. Defendant Capital Management Services, LP is a business entity that regularly conducts business in the Western District of New York with its principal offices located at 698 1/2 South Ogden Street, Buffalo, NY 14206. The principal purpose of the Defendant is the collection of debts already in default using the mails and telephone, and Defendant regularly attempts to collect said debts.

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was hired to collect a debt relating to an account that does not belong to Plaintiff (hereafter the "Debt").

7. The alleged Debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

8. At all times material hereto, Plaintiff was not responsible for the Debt.

9. In or around August 2019, Plaintiff began receiving collection or dunning letters from Defendant in attempt to collect the Debt at issue with the intent to annoy, abuse and harass Plaintiff.

10. In or around August 2019, Plaintiff disputed the Debt to Defendant. Plaintiff disputed that the Debt does not belong to him, but belongs to another consumer and to cease and desist all communications with him regarding the alleged debt. He further stated that the dunning letters he received were addressed to "Darwing Jose Barrios Romero" who he has no relation to, nor does that person reside or has ever resided with him.

11. Notwithstanding the above, on or about September 12, 2019, Defendant sent Plaintiff another collection or dunning letter in an attempt to collect the Debt with the intent to annoy, abuse and harass Plaintiff.

12. On or about September 18, 2019, Plaintiff again disputed the Debt to Defendant by telephone and U.S. mail. Plaintiff disputed that the debt does not belong to him but belongs to another consumer by the name of "Darwing Jose Barrios Romero" and to cease and desist all communications with him regarding the alleged Debt.

13. Despite the above, on or about January 10, 2020, Defendant sent Plaintiff another collection or dunning letter in an attempt to collect the Debt with the intent to annoy, abuse and harass Plaintiff.

14. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer on more than one occasion.

15. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with any person other than the consumer in connection with the collection of a debt.

16. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with a consumer after the consumer notifies the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer,

17. Defendant acted in a false, deceptive, misleading and unfair manner by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

18. Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing the character, amount, or legal status of any debt.

19. Defendant acted in a false, deceptive, misleading and unfair manner by using any false representation or deceptive means to collect or attempt to collect any debt or to obtain any information concerning a consumer.

20. Defendant acted in a false, deceptive, misleading and unfair manner by using unfair or unconscionable means to collect or attempt to collect any debt.

21. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its and its agent's actions within compliance of the FDCPA but neglected to do so and failed to adequately review those actions to ensure compliance with said laws.

22. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

23. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

24. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, out-of-pocket expenses, emotional and mental pain and anguish, all to Plaintiff's great detriment and loss.

## COUNT I
## VIOLATIONS OF THE FDCPA

25. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

28. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

29. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692b(3), 1692c(b), 1692c(c), 1692d, 1692e(2)(A), 1692e(10), and 1692f, as evidenced by the following conduct:

    (a)    Communicating with any person other than the consumer on more than one occasion;

    (b)    Communicating with any person other than the consumer in connection with collection of the debt;

    (c)    Communicating with a consumer after the consumer notifies the debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer;

    (d)    Engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

    (e)    Falsely representing the character, amount, or legal status of a debt;

    (f)    Using any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer; and

    (g)    Otherwise using unfair or unconscionable means to collect or attempt to collect any debt.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

## JURY TRIAL DEMAND

32. Plaintiff demands trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Costs and reasonable attorney's fees; and

(d) Such other and further relief as may be just and proper.

Dated: February 24, 2020

Respectfully submitted,

**LAW OFFICE OF ADAM G. SINGER, PLLC**
Adam G. Singer (AS 7294)
asinger@adamsingerlaw.com
One Grand Central Place
60 E. 42nd Street, Suite 4600
New York, NY 10165
T: 212.842.2428